1  Patience Milrod
   Law Office of Patience Milrod
2  844 N. Van Ness Avenue
   Fresno, California  93728
3  559/442-3111
   559/442-3164 fax
4
   Attorney for Plaintiffs
5

6

7

8              **IN THE UNITED STATES DISRICT COURT**
           **IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA**
9                         **FRESNO DIVISION**

10

11  MARTIN SRABIAN and DONNIE          )   No.
    SRABIAN,                           )
12          Plaintiffs,                )
                                       )
                                       )   **COMPLAINT FOR DAMAGES**
13     v.                              )   (for violations of civil rights,
                                       )   common law torts, and negligent
14  COUNTY OF FRESNO; FRESNO COUNTY    )   employment; claims for attorneys'
    SHERIFF MARGARET MIMS; FRESNO      )   fees and punitive damages)
15  COUNTY SHERIFF'S DEPUTIES FRANK    )
    HARPER and ROBERT CAREY; and       )      **JURY TRIAL DEMANDED**
16  DOES 1 through 50.                 )
            Defendants.                )
17  _____

18          Come now plaintiffs DONNIE SRABIAN and MARTIN SRABIAN, and

19  allege against defendants COUNTY OF FRESNO, FRESNO COUNTY SHERIFF

20  MARGARET MIMS, FRESNO COUNTY SHERIFF'S DEPUTIES FRANK HARPER

21  and ROBERT CAREY, and DOES 1 though 50, as follows:

22                         **PARTIES AND CAPACITIES**

23          1.      At all relevant times, plaintiffs MARTIN SRABIAN and DONNIE

_____

*Complaint for Damages*                                          1

SRABIAN were citizens and residents of the State of California and of the County of Fresno.  The plaintiffs are brothers, farmers and lifelong residents of Fowler.  At the time of the events described herein, MARTIN SRABIAN was 72 years old, and DONNIE SRABIAN was 61 years old.

2.    At all relevant times, defendant COUNTY OF FRESNO (hereinafter "COUNTY") was a public entity, a California County within this judicial district, and a political subdivision organized and existing under and by virtue of the laws of the State of California.  Pursuant to California Government Code § 815.2(a), defendant COUNTY is liable for any and all wrongful acts hereinafter complained of committed by any of the individual defendants.

3.    At all relevant times, defendant FRESNO COUNTY SHERIFF MARGARET MIMS was the chief law enforcement officer of the COUNTY, and in that capacity had ultimate responsibility for the training and supervision of defendants HARPER, CAREY, and DOES 1 through 20.  Defendant MIMS is named in both her individual and official capacities.

4.    At all relevant times, defendants DOES 21 through 50 were supervisory officers and personnel, and in that capacity shared responsibility with defendant MIMS for the training and supervision of defendants HARPER, CAREY and DOES 1 through 20.  Defendants DOES 21 through 50 are named in their official capacities.

5.    At all relevant times, defendants HARPER, CAREY, and DOES 1 though 50, inclusive, were each duly appointed law enforcement officers, ranking

1    officers and/or employees of the County of Fresno and the Fresno County

2    Sheriff's Department, qualified and acting under color of state law, and as the

3    employee, agent and representative of every other defendant.  On information and

4    belief, plaintiffs assert that each of the defendants at all times mentioned herein

5    was a resident of the County of Fresno, State of California.  Defendants HARPER,

6    CAREY and DOES 1 – 20 are named in both individual and official capacities.

7            6.      Except where otherwise noted, defendants who are natural persons,

8    and each of them, engaged in the acts and conduct complained of herein under

9    color of law and while within the course and scope of their agency or employment

10   by or for defendant COUNTY, or by or for a department or office or agency of the

11   COUNTY, or otherwise were acting for or on behalf of defendant COUNTY, or

12   one of its departments or offices or agencies, in doing or not doing the things

13   complained of herein.

14           7.      Plaintiffs are informed and believe and thereon allege that each of

15   the defendants designated as a DOE is intentionally and negligently responsible in

16   some manner for the wrongful acts and omissions and the events herein referred

17   to, and thereby proximately caused injuries and damages as herein alleged.  The

18   true names and capacities of Does 1 through 50, inclusive, and each of them, are

19   not known to plaintiffs, who therefore sue said defendants by such fictitious

20   names.  Plaintiffs will amend this complaint to show their true names and

21   capacities when the same have been ascertained.  DOES 1 - 20 are individuals or

22   entities directly responsible in some way for the shooting, false arrest and false

23

imprisonment of plaintiff DONNIE SRABIAN on false charges of assault on a peace officer with a semiautomatic firearm, and for the assault, battery, false arrest and false imprisonment of plaintiff MARTIN SRABIAN on false charges of delaying, resisting or obstructing an officer engaged in the performance of his duties.  DOES 21 - 50 are individuals responsible for the training or supervision of other persons or of any named defendant, and are also proximately responsible for the violations of law alleged herein.

8.      Plaintiffs are informed and believe and on that basis allege that at all times and places mentioned herein each of the defendants was the agent, representative and/or employee of the remaining defendants, and was at all times and places mentioned herein acting within the purpose and scope of said agency, representation and/or employment.

9.      The individual defendants, and each of them, did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated well-established and settled law.

10.      Plaintiffs have complied with the California Tort Claims Act, in that they timely filed a government tort claim concerning the facts alleged in this complaint.  The Fresno County Board of Supervisors denied the tort claim on September 11, 2007, and the notice of denial was mailed to plaintiffs on September 17, 2007.  This action is being filed within six months of that date.

**COMMON ALLEGATIONS**

11.      The acts and omissions of defendants and others as alleged herein

1    were committed by defendants and others, and each of them under color and

2    pretense of the Constitutions, statutes, ordinances, rules, regulations, practices,

3    customs, patterns, and usages of the United States, the State of California and/or

4    of the COUNTY, and as sworn peace officers, officials, employees, or agents of

5    defendant COUNTY or of a department or office or subdivision or agency of the

6    COUNTY.

7         12.    On February 16, 2007 at 8:29 p.m., Fresno County dispatch received a

8    9-1-1 hang up call; a return call from the dispatcher to the originating telephone

9    number resulted in a single ring and then a disconnect; the dispatcher speculated

10   it was a malfunctioning phone.  As a result of this call, defendant HARPER was

11   dispatched at 8:30 p.m. to 7297 E. Walter in Fowler, Fresno County, California.

12        13.    According to the dispatch transcript, defendant HARPER arrived on

13   the scene at 8:35 p.m.  For the next five minutes, radio traffic indicates HARPER

14   searching along Walter for the 7297 address.  Although defendant HARPER

15   reported seeing a doublewide mobile home on the property that would have

16   corresponded to the 7297 address, he did not stop to investigate whether it were a

17   residence or a business, simply concluding it was a commercial building.  In fact,

18   plaintiff DONNIE SRABIAN lives at 7297 E. Walter, across the street from his

19   brother's house.

20        14.    Being unable to locate the 7297 address, about 8:40 p.m. HARPER

21   drove up the long driveway at 7274 E. Walter, the residence of MARTIN

22   SRABIAN.  He used his headlights and driver's side spotlight to illuminate the

23

building, searching for a house number.  He stopped his patrol vehicle, with the spotlight switched on and directed at the east side of the home; his headlamps were on, but not his overhead light bar.

15.     At that time, and for approximately one hour prior to defendant HARPER's arrival, plaintiffs were meeting in the kitchen of the home at 7274 E. Walter.  They first became aware of defendant HARPER's approach when they heard a loud bang outside the door of the kitchen, as though a car had hit the small dumpster parked there at the end of the driveway.  Since there had been a number of burglaries and even a home invasion robbery in their neighborhood, plaintiffs rushed out the door of the kitchen to confront whoever was on their property.

16.     First to come out the kitchen door was plaintiff DONNIE SRABIAN. He was wearing a knit cap that came down over his ears and around his chin; his face was fully visible.  Because he expected to be confronting a burglar, he was carrying a handgun in case he were to need protection.  As plaintiffs came out of the house, they were blinded by defendant HARPER's spotlight, which was directed at them.  Plaintiffs could not see HARPER's patrol vehicle, much less him in it.  Defendant HARPER remained in his patrol vehicle; he did not announce his presence or his identity as a law enforcement officer.

17.     Within two seconds from the time DONNIE SRABIAN came out of the door, defendant HARPER had fired three shots at him, one of which entered his right chest area, lacerated his liver and his right kidney, and exited his back.

The other two bullets lodged in the outer wall of the kitchen.

18.     At the moment DONNIE SRABIAN was shot, plaintiff MARTIN SRABIAN was immediately behind him, and was himself in the line of defendant HARPER's fire.  MARTIN SRABIAN observed the shooting of DONNIE SRABIAN, observed his falling to the ground, his bleeding, the failure of defendant HARPER to come to DONNIE SRABIAN's assistance, and defendant HARPER's dragging DONNIE SRABIAN across the driveway.  Eighteen minutes after the shooting, at 8:59 p.m., MARTIN SRABIAN finally observed DONNIE SRABIAN being transported from the scene in an ambulance.

19.     In the meantime, MARTIN SRABIAN had approached defendant HARPER, who was still in his patrol car, to beg him to get medical assistance for DONNIE SRABIAN.  Defendant HARPER was visibly shaking and trembling, and positioned the muzzle of his service weapon an inch from MARTIN SRABIAN's forehead, demanding he shut up and get away from the patrol vehicle.  At approximately this point, defendant CAREY appeared at the scene after hearing radio traffic from defendant HARPER that shots had been fired at the location. Defendant HARPER directed defendant CAREY to "take care of" MARTIN SRABIAN.

20.     In response, defendant CAREY threw MARTIN SRABIAN to the ground and handcuffed him, leaving him face down on the pavement to be watched by a Fowler Police Department unit, which had by then arrived on the scene.  During this time no defendant made any effort whatsoever to provide first

1    aid or other medical assistance to DONNIE SRABIAN, or even to determine the

2    severity of the gunshot wound defendant HARPER had inflicted on him.

3         21.    Defendant CAREY falsely imprisoned plaintiff MARTIN SRABIAN

4    until after 2:00 in the morning on February 17, 2007.  At that time, defendant

5    CAREY prepared and delivered to plaintiff MARTIN SRABIAN a citation, falsely

6    asserting under penalty of perjury that MARTIN SRABIAN had committed a

7    violation of California Penal Code § 148(a)(1) and requiring him to appear in court

8    on April 19, 2007.  On information and belief, in February of 2008, the Fresno

9    County District Attorneys' office finally declined to prosecute MARTIN SRABIAN

10   on the citation issued to him on February 17, 2007.

11        22.    After defendant HARPER shot him, plaintiff DONNIE SRABIAN

12   was hospitalized, in handcuffs, from February 16 until February 21, 2007.  Plaintiff

13   MARTIN SRABIAN posted $ 50,000 cash bail to secure his release.

14        23.    Although defendant HARPER did not complete the required Fresno

15   County Sheriff's Department Crime Report, he gave a tape-recorded statement to

16   investigating officers on February 17, 2007.  In that statement, defendant HARPER

17   falsely asserted that plaintiff DONNIE SRABIAN had burst from the house

18   wearing a ski mask that occluded his face and carrying a firearm, and had

19   immediately assumed a shooting stance and aimed the firearm at defendant

20   HARPER.  Defendant HARPER made these false statements in an effort to justify

21   his unlawful use of deadly force against plaintiff DONNIE SRABIAN, and to

22   trigger a malicious prosecution of plaintiff in an effort to protect himself against

23

1    potential civil liability for his use of excessive force.

2         24.    Based on defendant HARPER's false statements, on or about March

3    6, 2007, the Fresno County District Attorney's office filed a criminal complaint

4    against plaintiff DONNIE SRABIAN, falsely charging him with assault on a peace

5    officer with a semiautomatic firearm in violation of California Penal Code §

6    245(d)(2).  Plaintiffs MARTIN SRABIAN and DONNIE SRABIAN were required

7    to incur expenses to retain counsel to defend themselves against the malicious

8    prosecutions triggered by defendants' false reports, to make court appearances

9    and otherwise to be subjected to the stress of potential criminal sanctions.

10        25.    Defendants and others acted knowingly or with gross negligence or

11   reckless disregard or deliberate indifference to the rights of plaintiffs under the

12   United States and California Constitutions.  The allegations and factual

13   contentions of this complaint are likely to have evidentiary support after a

14   reasonable opportunity for further investigation or discovery.

15        26.    As a proximate result of the acts and omissions of defendants, and

16   each of them, as set forth in this Complaint, each plaintiff has suffered one or more

17   of the following injuries:  physical injury, contusions and abrasions, physical pain,

18   great mental pain and shock to his nervous system, fear, anxiety, emotional

19   distress, humiliation, loss of sleep, injury to reputation, embarrassment, expense,

20   loss of earning capacity, loss of constitutional rights, and deprivation of liberty

21   without due process of law.

22        27.    The individual defendants, and each of them, by acts of omission

23

and commission, as complained of herein, acted recklessly, maliciously, fraudulently, and/or oppressively with respect to the rights of plaintiffs secured to them by the United States Constitution.  Defendants, and each of them, actually caused the deprivation of plaintiffs' federal civil rights and their wrongful arrest and detention, and other injuries suffered by plaintiffs.

**FIRST CAUSE OF ACTION**
**Violation of 42 U.S.C. § 1983**
**(By both Plaintiffs against Defendant COUNTY, and against Defendants**
**HARPER, CAREY and DOES 1 – 20 in their individual capacities)**

28.     Plaintiffs reallege, and incorporate herein as if fully restated, the allegations of paragraphs 1 through 29, ante.

29.     This action at law for money damages arises under Title 42 United States Code §§ 1983, 1985 and 1988, the Constitution of the United States, the laws and Constitution of the State of California, and common law principles, to redress a deprivation under color of state law of rights, privileges and immunities secured to plaintiffs by said statutes, and by the Fourth Amendment to the Constitution of the United States.

30.     At all relevant times, defendant County had hiring, training, discipline and reassignment policies that amounted to deliberate indifference to the rights of the persons with whom its Sheriff's deputies are likely to come into contact, expressed in its deliberate policies of hiring officers known to be unfit for law enforcement work and failing adequately to train, discipline or reassign such officers in order to prevent injury to members of the public.

31.     Had the County properly hired, trained, disciplined and reassigned

1    defendants Harper and Carey, plaintiffs' constitutional injuries would have been

2    avoided.

3         32.    The acts and omissions of defendants deprived plaintiffs Martin

4    Srabian and Donnie Srabian of rights secured to them by the Fourth Amendment

5    to the United States Constitution by:  subjecting them to excessive and

6    unreasonable force, to unjustifiable denial of liberty, and to deprivation of

7    necessary medical care; conspiring to cover up defendants' misconduct by causing

8    the commencement of fraudulent criminal proceedings in the courts of the State of

9    California by the preparation of materially false and misleading crime and arrest

10   reports in which defendants attempted to conceal their misconduct against

11   plaintiffs by falsely alleging they had committed violations of California Penal

12   Code §§ 245(d)(2) and 148(a)(1), which each said defendant knew or in the exercise

13   of due care should have known plaintiffs had not committed; and are thereby

14   liable to plaintiffs under 42 United States Code § 1983.

15        33.    As a direct and proximate result of the defendants' acts and

16   omissions, plaintiffs suffered injury, loss and damage as more particularly

17   described above.

18        34.    The acts of the individual defendants were outrageous, and

19   committed knowingly, willfully, fraudulently and maliciously, with the wrongful

20   intent to vex, annoy, harass and oppress plaintiffs and to cause physical injury,

21   emotional pain and suffering, from an improper and evil motive amounting to

22   malice, and in conscious disregard of plaintiffs' rights; and by reason thereof,

23

plaintiffs request that the individual defendants be required to pay damages by way of example and punishment in a sum according to proof.

WHEREFORE, plaintiffs pray for judgment as set forth below.

## SECOND CAUSE OF ACTION
### Assault and Battery
**(By Plaintiff MARTIN SRABIAN against Defendants CAREY and DOES 1-10)**

35.     Plaintiffs reallege, and incorporate herein as if fully restated, the allegations of paragraphs 1 through 34, ante.

36.     At the time, date and location described above, defendant Carey and Does 1 through 10, inclusive, knowingly and willfully, without provocation, necessity or legal justification, assaulted and battered plaintiff Martin Srabian in violation of California Penal Code §§ 149 and 245.

37.     As a result of these acts and omissions by these Fresno County Sheriff's deputies, plaintiff Martin Srabian suffered the physical, mental and emotional injuries and damage described herein, which allegations are incorporated by this reference.

38.     As a further direct and proximate result of the acts and omissions by the named defendant Fresno County Sheriff's deputies, and defendants Does 1 through 10, plaintiff Martin Srabian suffered an illegal and unjustifiable loss of liberty, in that he was taken into custody without warrant, justification or probable cause and detained in a patrol vehicle, where he was forced to remain until after two a.m., at which time he was finally cited out to appear in court at a later date.

39.     As a further direct and proximate result of the above-described acts and omissions of the defendant Fresno County Sheriff's officers, plaintiff Marin Srabian was wrongfully ordered to appear in the Fresno County Superior Court for alleged violation of Penal Code § 148(a)(1), and has been required to expend monies for attorney's fees and related costs.

40.     The acts of the individual defendants were outrageous, and committed knowingly, willfully and maliciously, with the wrongful intent to vex, annoy, harass and oppress plaintiff and to cause physical injury, emotional pain and suffering, from an improper and evil motive amounting to malice, and in conscious disregard of plaintiff's rights; and by reason thereof, plaintiff requests that the individual defendants be required to pay damages by way of example and punishment in a sum according to proof.

WHEREFORE, plaintiffs pray for judgment as set forth below.

### THIRD CAUSE OF ACTION
**Assault and Battery**
**(By Plaintiff DONNIE SRABIAN against Defendants HARPER and DOES 11-20)**

41.     Plaintiffs reallege, and incorporate herein as if fully restated, the allegations of paragraphs 1 through 40, ante.

42.     At the time, date and location described above, defendant Harper and Does 1 through 10, inclusive, knowingly and willfully, without provocation, necessity or legal justification, assaulted and battered plaintiff Donnie Srabian in violation of California Penal Code §§ 149 and 245, in the immediate presence of plaintiff Martin Srabian.

*Complaint for Damages*                                                                 *13*

43.     As a result of these acts and omissions by these Fresno County Sheriff's deputies, plaintiff suffered the physical, mental and emotional injuries and damage described herein, which allegations are incorporated by this reference.

44.     As a further direct and proximate result of the acts and omissions by the named defendant Fresno County Sheriff's deputies, and defendants Does 11 through 20, plaintiff Donnie Srabian suffered an illegal and unjustifiable loss of liberty, in that he was taken into custody and held for five days without warrant, justification or probable cause on the basis of false allegations of criminal conduct.

45.     As a further direct and proximate result of these acts and omissions by defendant Fresno County Sheriff's officers, plaintiff has incurred and will incur expenses for medical care and treatment necessitated by the injuries inflicted by defendant deputies.

46.     As a further direct and proximate result of the above-described acts and omissions of the defendant Fresno County Sheriff's officers, plaintiff Donnie Srabian was wrongfully prosecuted in the Fresno County Superior Court for alleged violation of Penal Code § 245(d(2), and has been required to expend monies for attorney's fees and related costs.

47.     The acts of the individual defendants were outrageous, and committed knowingly, willfully and maliciously, with the wrongful intent to vex, annoy, harass and oppress plaintiff and to cause physical injury, emotional pain and suffering, from an improper and evil motive amounting to malice, and in

conscious disregard of plaintiff's rights; and by reason thereof, plaintiff requests that the individual defendants be required to pay damages by way of example and punishment in a sum according to proof.

WHEREFORE, plaintiffs pray for judgment as set forth below.

**FOURTH CAUSE OF ACTION**
**Negligent infliction of emotional distress**
**(By both Plaintiffs against Defendants HARPER, CAREY and DOES 1 – 20)**

48.     Plaintiffs reallege, and incorporate herein as if fully restated, the allegations of paragraphs 1 through 48, ante.

49.     Plaintiff Martin Srabian is closely related to plaintiff Donnie Srabian; at all relevant times, plaintiffs have resided across the street from each other; Donnie Srabian takes his meals with Martin Srabian and their sister, Beverly Srabian, at the family home at 7274 E. Walter, Fowler, California.

50.     Plaintiff Martin Srabian was personally present at the scene of the events described at paragraphs 16-19 of this complaint, and personally observed defendant Harper shoot plaintiff Donnie Srabian.  Plaintiff Martin Srabian was also personally present when defendants Harper, Carey and DOES 1 through 20 left plaintiff Donnie Srabian lying bleeding on the ground for almost twenty minutes without first aid or other medical attention.

51.     The unlawful conduct of defendants Harper, Carey and DOES 1 through 20 directly and proximately subjected all of the plaintiffs to mental suffering and emotional distress to their damage according to proof.

WHEREFORE, plaintiffs pray for judgment as set forth below.

1

**FIFTH CAUSE OF ACTION**
**Intentional infliction of emotional distress**

2

**(By both Plaintiffs against Defendants HARPER, CAREY and DOES 1 – 20)**

3          52.    Plaintiffs reallege, and incorporate herein as if fully restated, the

4    allegations of paragraphs 1 through 51, ante.

5          53.    The actions of defendants Harper, Carey and DOES 1 through 20

6    constituted outrageous conduct, undertaken with the intention of causing, or the

7    reckless disregard of the probability of causing, emotional distress.

8          54.    As an actual, direct and proximate result of the defendants'

9    outrageous conduct, the plaintiffs, and each of them, suffered severe or extreme

10   emotional distress, to their damage according to proof.

11         WHEREFORE, plaintiffs pray for judgment as set forth below.

12

**SIXTH CAUSE OF ACTION**
**False arrest and false imprisonment**

13

**(By Plaintiff MARTIN SRABIAN against Defendants CAREY and DOES 1 - 10)**

14         55.    Plaintiffs reallege, and incorporate herein as if fully restated, the

15   allegations of paragraphs 1 through 54, ante.

16         56.    Defendant Carey knew or with exercise of reasonable care should

17   have known, at the time he arrested plaintiff Martin Srabian, that he had no

18   probable cause to arrest or detain Mr. Srabian.

19         57.    Lacking an arrest warrant or probable cause, defendant Carey lacked

20   reasonable cause to arrest and take custody of plaintiff on February 16, 2007.

21   Under these circumstances, defendant Carey, acting on behalf of defendant

22   COUNTY, recklessly and unlawfully detained plaintiff Martin Srabian, damaging

23

1  him, in violation of his rights under state and federal law.

2      58.    As a direct and proximate cause of defendants' acts and omissions,

3  plaintiff Martin Srabian suffered an illegal and unjustifiable loss of liberty, in that

4  he was taken into custody without warrant, justification or probable cause and

5  detained in a patrol vehicle, where he was forced to remain until 2:00 in the

6  morning.

7      59.    As a further direct and proximate result of the defendants' acts and

8  omissions, plaintiff suffered injury, loss and damage as more particularly

9  described above.

10      60.    The acts of the individual defendants were outrageous, and

11  committed knowingly, willfully, fraudulently and maliciously, with the wrongful

12  intent to vex, annoy, harass and oppress plaintiff and to cause physical injury,

13  emotional pain and suffering, from an improper and evil motive amounting to

14  malice, and in conscious disregard of plaintiff's rights; and by reason thereof,

15  plaintiff requests that the individual defendants be required to pay damages by

16  way of example and punishment in a sum according to proof.

17      WHEREFORE plaintiffs pray for judgment as set forth below.

18  **SEVENTH CAUSE OF ACTION**
**False arrest and false imprisonment**
19  **(By Plaintiff DONNIE SRABIAN against Defendants HARPER and DOES 11 -**
**20)**
20
      61.    Plaintiffs reallege, and incorporate herein as if fully restated, the
21  allegations of paragraphs 1 through 60, ante.
22
      62.    Defendant Harper knew or with exercise of reasonable care should
23

---

*Complaint for Damages*                                    17

1    have known, at the time he arrested plaintiff Donnie Srabian, that he had no

2    probable cause to arrest or detain Mr. Srabian.

3        63.    Lacking an arrest warrant or probable cause, defendant Harper

4    lacked reasonable cause to arrest and take custody of plaintiff on February 16,

5    2007.  Under these circumstances, defendant Harper, acting on behalf of

6    COUNTY, recklessly and unlawfully detained, arrested and took into custody

7    plaintiff Donnie Srabian, damaging him, in violation of his rights under state and

8    federal law.

9        64.    As a direct and proximate cause of defendants' acts and omissions,

10   plaintiff Donnie Srabian suffered an illegal and unjustifiable loss of liberty, in that

11   he was taken into custody without warrant, justification or probable cause and

12   transported to University Medical Center, where he was forced to remain until

13   February 21, 2007.

14       65.    As a further direct and proximate result of the defendants' acts and

15   omissions, plaintiff suffered injury, loss and damage as more particularly

16   described above.

17       66.    The acts of the individual defendants were outrageous, and

18   committed knowingly, willfully, fraudulently and maliciously, with the wrongful

19   intent to vex, annoy, harass and oppress plaintiff and to cause physical injury,

20   emotional pain and suffering, from an improper and evil motive amounting to

21   malice, and in conscious disregard of plaintiff's rights; and by reason thereof,

22   plaintiff requests that the individual defendants be required to pay damages by

23

1    way of example and punishment in a sum according to proof.

2          WHEREFORE plaintiffs pray for judgment as set forth below.

3                      **EIGHTH CAUSE OF ACTION**
       **Negligent Employment, Training & Supervision**
4      **(By both Plaintiffs against Defendants MIMS and DOES 21 - 50)**

5          67.    Plaintiffs reallege, and incorporate herein as if fully restated, the

6    allegations of paragraphs 1 through 66, ante.

7          68.    On or about February 16, 2007, and for some time prior thereto,

8    defendants MIMS and the supervisors of the defendant Fresno County Sheriff's

9    employees and other as yet unknown supervising personnel (all named herein as

10   Does 21 through 50), and each of them, were charged by law and regulation with

11   the obligation, power and authority to select, hire, train, supervise, discipline,

12   discharge, assign and/or reassign all personnel of the Fresno County Sheriff's

13   Department, and in particular those Fresno County Sheriff's officers who were or

14   were believed to be emotionally unstable, untrustworthy, and prone to abuse their

15   authority, or otherwise exhibited tendencies, traits of character, behavior, habits,

16   conduct or attitudes which rendered such personnel unfit or undesirable for the

17   positions of law enforcement officers.

18         69.    At all relevant times, defendants COUNTY, MIMS and DOES 21

19   through 50, and each of them, knew or in the exercise of reasonable care should

20   have known, that defendants HARPER, CAREY and COUNTY employees Does 1

21   though 20, and each of them, had a character trait and practice, while purporting

22   to act under color of law, for abuse of their authority as law enforcement officers,

23

*Complaint for Damages*                                                    19

for making warrantless arrests without probable cause, for use of excessive, unnecessary and unreasonable force, for denying necessary medical care to individuals in their custody, and for creating false crime reports to cover their own misconduct, and that said individuals otherwise were emotionally unstable, untrustworthy, and prone to abuse their authority, or otherwise exhibited tendencies, traits of character, behavior, habits, conduct or attitudes which rendered such personnel unfit or undesirable for the positions of law enforcement or correctional officers.

70.     At all times mentioned herein, defendants COUNTY, MIMS and DOES 21 through 50, and each of them, knew or in the exercise of reasonable care should have known that such behaviors, traits and propensities of defendants HARPER, CAREY, and Does 1 through 20, inclusive, and each of them, made them unfit to serve as law enforcement officers and were likely to cause injury to members of the public.

71.     Notwithstanding such knowledge, defendants MIMS and DOES 21 through 50, and each of them, negligently and carelessly failed properly to hire, train, assign, discipline and/or control defendants HARPER, CAREY and Does 1 through 20, and each of them as Sheriff's deputies for the County of Fresno, and assigned said defendants to duties which enabled each of them to use excessive, unnecessary and unreasonable force on members of the public, to deny necessary medical care to individuals in their custody, to make warrantless unlawful arrests based on fabricated probable cause, and to cause or attempt to cause the

fraudulent and malicious criminal prosecution of innocent citizens while purporting to act under color of law.

72.     These failures included but were not limited to a failure properly to screen and hire Sheriff's personnel, including the defendant deputies, and properly to train them in the appropriate use of force and authority, in the truthful reporting of information as required by Penal Code § 118.1, in the provision of prompt and adequate medical care to members of the public taken into custody, and in the reporting of unlawful behavior of fellow officers toward members of the public.  Such failures further included a failure to discipline, reassign or otherwise take action to prevent defendant deputies from employing excessive force, abusing their authority, denying necessary medical treatment and submitting false police reports.  These failures, among others, amounted to the condoning and ratifying these officers' behavior by defendants MIMS and DOES 21 through 50.

73.     Moreover, defendants MIMS and DOES 21 through 50 failed to provide policies and procedures to ensure meaningful reporting, monitoring and investigation of the misuse and abuse of authority by Fresno County Sheriff's deputies, and failed adequately to supervise personnel as to their duties and obligations under law, policy and practice.

74.     At all times mentioned herein, defendants MIMS and DOES 21 through 50 knew or in the exercise of reasonable care should have known that such failure to screen, hire, train, supervise, discipline, assign and/or reassign,

1    and negligent employment, retention, training, supervision, discipline and

2    assignment were likely to cause emotional distress and physical injury to members

3    of the public.

4         75.    The aforementioned acts and omissions of defendants MIMS and

5    DOES 21 through 50 were a legal and proximate cause of the aforedescribed

6    assault and battery, infliction of emotional distress, false arrest, false

7    imprisonment and malicious prosecution, and of the resulting damages and

8    injuries, and violations of plaintiffs' civil and constitutional rights.

9         76.    The failure of defendants MIMS and DOES 21 through 50 to provide

10   training and supervision regarding the legal duties and responsibilities of Sheriff's

11   deputies to avoid use of excessive force and abuse of authority amounts to gross

12   negligence and a deliberate indifference to the safety of the public.  As a proximate

13   result of the negligence and carelessness of defendants, and each of them,

14   plaintiffs suffered significant physical, mental and pecuniary harm, all to the

15   plaintiffs' damage in a sum according to proof.

16        WHEREFORE, plaintiffs pray for judgment as set forth below.

17                          **PRAYER FOR RELIEF**

18        Plaintiffs seek judgment as follows:

19        a.    Compensatory general and special damages against all defendants,

20   and each of them, in an amount according to proof;

21        b.    Punitive and exemplary damages against each of the defendants

22   herein sued in his/her individual capacity;

23

d.      Pre-judgment interest according to proof;

e.      Reasonable attorney's fees and expenses of litigation as allowed by law, including but not limited to 42 U.S.C. § 1988;

f.      Costs of suit reasonably incurred herein;

g.      Such further relief as the court deems just and proper;

h.      That the COUNTY be required to pay any judgment pursuant to law, including but not limited to California Government Code § 825.

Dated:  March 7, 2008

/s/Patience Milrod
PATIENCE MILROD
Attorney for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial.

Dated:  March 7, 2008

/s/ Patience Milrod
PATIENCE MILROD
Attorney for Plaintiffs