UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Estate of MARTIN SRABIAN, by its Executor, DONNIE SRABIAN, and DONNIE SRABIAN, | 1:08-cv-00336-LJO-SMS |
| Plaintiffs, | **ORDER RE: PLAINTIFFS' MOTION TO COMPEL RESPONSES TO DOCUMENT REQUESTS AND FOR ANSWERS TO INTERROGATORIES** (Doc. 38) -and- ***AMENDED*** |
| vs. | **MOTION TO COMPEL RESPONSES** |
| COUNTY OF FRESNO; FRESNO COUNTY SHERIFF MARGARET MIMS; FRESNO COUNTY SHERIFF'S DEPUTIES FRANK HARPER and ROBERT CAREY, et al., | **TO SUBPOENA, TO DOCUMENT REQUESTS AND FOR ANSWERS TO INTERROGATORIES** (Doc. 42) |
| Defendants. | |

_____/

These matters came on regularly for hearing on October 15, 2009, before the Honorable Sandra M. Snyder, United States Magistrate Judge. Based on this Court's experience, matters such as those framed by these motions become more enlightened and therefore often resolved by informal roundtable discussion between the Court and all counsel rather than formally on the record in open court. Inasmuch as this Court informally met and conferred telephonically with counsel on August 11, 2009, regarding some of the issues of these motions (Doc. 39), it

1

seemed the best use of judicial resources, as well as due to the

press of other judicial business, to conduct such a roundtable on

October 15, 2009.  Pursuant to Local Rule 78-230 (h), the Court

deemed these matters submitted upon the record as the Court knows

it, the joint statement re: discovery disagreement filed October

8, 2009 (Doc. 47), as well as pursuant to the almost two-hour

meeting with counsel in chambers.

The Court rules as follows:

A.   Adverse Judgments/Settlements and Consequences

With regard to Interrogatory No. 5, the parties are at

an impasse regarding which should happen first, i.e., Plaintiffs

depose Lt. Mark Padilla, commander of the Human Resources unit of

the Sheriff' Department, with respect to maintenance of records

concerning litigation against department personnel, as well as

the person most knowledgeable ("PMK") from Fresno County Risk

Management concerning maintenance of records of excessive force

lawsuits, or Defendants produce copies of federal or state civil

actions filed in the past five (5) years against the County of

Fresno, its Sheriff's Department, and/or individual officers,

alleging violations of individuals' civil rights based on

excessive force during arrest.  Defendants argue that Plaintiffs

long ago could have gone to the various state and/or federal

court clerk's offices, perused the dockets for the last five (5)

years, and gathered data of a sufficient number of lawsuits

through their own efforts.  Plaintiffs argue that production by

Defendants of copies of claims and/or lawsuits easily known to

the Defendant entities described above would have at least gotten

the ball rolling.  Since time is now of the essence, it seems

1  that deposing Lt. Padilla and the PMK in the very near future is

2  the most expeditious path to the knowledge of what data exists,

3  what does not, and/or how to collect it.

4      Therefore, it is **ORDERED** that these depositions be

5  conducted in the very near future and the costs associated with

6  the taking of these depositions be born equally between

7  Plaintiffs and Defendants.

8      B.   Defendant Officers' Personnel Files

9  _____Subject to a protective order, all that is sought by

10 Plaintiffs' interrogatories Nos. 6 and 7 as well as request for

11 production No. 3 is discoverable save and except the ultimate

12 opinions and conclusions of any and all investigating officers

13 regarding internal affairs investigations.  With regard to any

14 citizen complaints relating to the categories set forth, this

15 Court typically orders produced the name, address, and telephone

16 number of the complaining citizen, leaving the requesting party

17 the task of locating the citizen and interviewing him or her.

18     There is, or should be, an airtight protective order in

19 place, precluding Plaintiffs' counsel from sharing any

20 information gleaned from any production with anyone outside of

21 the confines of this and the Hillblom litigation, including but

22 not limited to their clients, any counsel involved in any

23 criminal litigation associated with these civil actions, any

24 media, etc.  Again, the ultimate opinions and conclusions reached

25 by the investigating officers regarding any IA investigations is

26 not discoverable.

27     The Court has asked to see the personnel files of

28 Officer Carey and Officer Harper, tagged ahead of time regarding

3

the categories requested to assist the Court in its review.
Further, the Court wishes the custodian of these files to arrange
an appointment with the Court, remain at the court while the
Court reviews the files, and take the files away with him or her
at the conclusion of the review with the Court's direction re:
copying and production.  **Note**: Among other information, the Court
will be looking for data re: pre-employment background
information in her review.  And, the Court will look at the off-
duty incident regarding Officer Carey and his step-son to
determine its discoverability and potential relevancy at trial.

    C.   <u>Communications with the District Attorney</u>

       Attorney Linden assured the Court and counsel that he
is diligently attempting to obtain a copy/copies of any and all
existing documents having to do with the Sheriff's Office request
of the District Attorney's office to prosecute Plaintiff Srabian.
The Court can ask no more of counsel *except* that he set forth in
writing his efforts made and the fruits, or not, of his search on
or before **November 15, 2009.**

       To the extent that declarations of Sheriff Mims, Capt.
Jennifer Horton, Deputy Jeff Kertson, Chris Rose, a Network
Systems Engineer, and Sgt. Arley Terrence have been received or
are on their way to being produced, the Court is in no position
to make a determination regarding the content of those
productions.  With regard to e-mail searches going back to a
period of time roughly between February 16, 2007 and March 6,
2007, the Court is mindful of the declaration from Chris Rose,
the Sheriff's Department network systems engineer, with respect
to recovery of e-mails between the Sheriff's Department and the

1  District Attorney's office, setting forth the number of tapes

2  that may have to be located, the hours to do so, then the time it

3  will take to restore the tapes to thereafter review them for any

4  content related to this one misdemeanor prosecution.  Burdensome

5  is the cry, and, indeed, it may well be.  Yet, we are in the age

6  of e-discovery, requiring  all litigants/potential litigants to

7  be vigilant and at the ready to produce such discovery.

8  Therefore, it is likely the Court will order this search

9  undertaken *but* *not* *before* further efforts are pursued regarding

10 the District Attorney's failure to respond to subpoena, addressed

11 below.

12     D.   District Attorney's Failure to Respond to Subpoena

13 _____Despite the argument by Plaintiffs' counsel that legal

14 representation for one agency of Fresno County should constitute

15 legal representation for all of Fresno County, the Court has no

16 briefing regarding nor any knowledge one way or the other of that

17 protocol.  Defense attorneys in this action are adamant they do

18 not represent the District Attorney's office nor do they have

19 access to the records of that office.  In fact, the Court can

20 conceive of a situation wherein different agencies within the

21 County could legally be at odds with one another, therefore

22 requiring separate legal counsel representing competing legal

23 interests.  That said, it is the conclusion of this Court that

24 noticing non-party Fresno County District Attorney's office of

25 the hearings in this and the Hillblom cases coupled with a

26 request for that office to participate in the Local Rule 37-251

27 joint statement re: discovery disagreement does not function as a

28 substitute for an appropriately noticed show cause hearing re:

5

1  contempt for failure to respond to a subpoena.  That Plaintiffs

2  filed an application for order to show cause then ultimately

3  requested Judge O'Neill to vacate the order based on a belief

4  that there had been a mix-up regarding delivery of a response

5  and/or letter from Assistant District Attorney Jonathan Skiles to

6  Plaintiffs' counsel, Ms. Milrod, begs the question of what

7  happened thereafter.  It appears as though the District

8  Attorney's office failure to respond in any meaningful way to the

9  subpoena, may well, indeed, be contempt; yet, the only way to

10 address that before the court is by way of, again, an application

11 for order to show cause re: contempt for failure to respond to

12 the subpoena duces tecum served on the District Attorney's office

13 on April 17, 2009.

14         The Court hereby **DENIES** Plaintiffs' request to deem

15 this motion procedurally effective in bringing the District

16 Attorney's office before the court regarding its failure to

17 respond to subpoena.

18

19 IT IS SO ORDERED.

20 **Dated:    October 29, 2009**              **/s/ Sandra M. Snyder**
                                       UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28