IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN SRABIAN and DONNIE SRABIAN,<br><br>                Plaintiffs,<br><br>vs.<br><br>COUNTY OF FRESNO; FRESNO COUNTY SHERIFF MARGARET MIMS; FRESNO COUNTY SHERIFF'S DEPUTIES FRANK HARPER and ROBERT CAREY, et al.,<br><br>                Defendants. | 1:08-cv-00336-LJO-SMS<br><br>**SCHEDULING CONFERENCE ORDER**<br><br>Expert Disclosure Deadline:<br>8/3/12<br><br>Supplemental Expert Disclosure Deadline:<br>8/13/12<br><br>Discovery Deadline:<br>8/17/12 (non-expert)<br>9/14/12 (expert)<br><br>Non-Dispositive Motion Filing Deadline: 9/14/12<br><br>Dispositive Motion Filing Deadline: 10/19/12<br><br>Settlement Conference Date:<br>*not applicable at this time*<br><br>Pre-Trial Conference Date:<br>12/4/12, 8:30am, Ctrm. 4/**LJO**<br><br>Trial Date: 1/15/13, 8:30am, Ctrm. /**LJO** (JT ~ 10-12 days) |

    1.    Date of Scheduling Conference:

        January 23, 2012.

//

2.    Appearances of Counsel:

Patience Milrod, Esq., appeared telephonically on behalf of plaintiffs.

James J. Arendt, Esq., of Weakley & Arendt, LLP, appeared telephonically on behalf of defendants.

3.    Discovery Plan and Cut-Off Dates:

A.    Pursuant to F.R.Civ.P.26(b), and except as the court may order after a showing of good cause, the "(p)arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any other party."

B.    Unless otherwise stipulated between the parties or ordered by the court pursuant to F.R.Civ.P.26(b)(2), discovery shall be limited as follows:

(1)    Depositions:

a.    Each side may take no more than ten (10) depositions.

b.    A deposition shall be limited to one (1) day of seven (7) hours.  F.R.Civ.P.30(d).

(2)    Interrogatories:

a.    "(A)ny party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts . . ."  F.R.Civ.P.33(a).

C.    Pursuant to F.R.Civ.P.26(e), the parties shall supplement their disclosures and amend their responses to discovery requests in a timely manner.

D.    The parties are ordered to complete all discovery pertaining to non-experts on or before August 17, 2012, and all discovery pertaining to experts on or before September 14, 2012.

2

E.    The parties are directed to disclose all expert witnesses, in writing, on or before August 3, 2012, and all rebuttal expert witnesses, in writing, on or before August 13, 2012.  The written designation of experts shall **be made pursuant to F.R.Civ.P. Rule 26(a)(2), (A) and (B), and shall include all information required thereunder**.  Failure to designate experts in compliance with this Order may result in the court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this Order.

The provisions of Fed.R.Civ.P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions.  Experts must be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

4.    Pre-Trial Motion Schedule:

All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed on or before September 14, 2012, and are (customarily) heard on Wednesdays at 10:00 a.m. in Courtroom No. 1 on the Eighth Floor before the Honorable Sandra M. Snyder, United States Magistrate Judge.  **NOTE:** It is the policy of Judge Snyder's chambers that a hearing date first be cleared with chambers at (559) 499-5690 prior to the filing of any non-dispositive motions and supporting documents.  Judge Snyder's chambers also requires prompt courtesy copies in excess of 25/50 pages in compliance with **Local Rule 133(f)**.  **Counsel must also comply with Local Rule 251 with respect to discovery disputes or**

3

1  **the motion will be denied without prejudice and dropped from**

2  **calendar.**[1]

3        In scheduling such motions, the Magistrate Judge may

4  grant applications for an order shortening time pursuant to Local

5  Rule 144.  However, if counsel does not obtain an order shortening

6  time, the notice of motion *must* comply with Local Rule 251.

7        Counsel may appear, and argue non-dispositive motions,

8  telephonically, provided a (written) request to so appear is

9  presented to chambers (559-499-5690) no later than five (5) court

10  days prior to the noticed hearing date.  **ALL Out-of-town counsel**

11  **are strongly encouraged to appear telephonically via a single**

12  **conference call to chambers**.  If two or more attorneys request to

13  appear telephonically, then it shall be the obligation and

14  responsibility of the moving party(ies) to make prior arrangements

15  for the single conference call with an AT&T operator, IF counsel do

16  not have conference call capabilities on their telephone systems,

17  and to initiate the call to the court.

18        <u>Regarding discovery disputes</u>, no written discovery

19  motions shall be filed without the prior approval of the assigned

20  Magistrate Judge.  A party with a discovery dispute must first

21  confer with the opposing party in a good faith effort to resolve by

22  agreement the issues in dispute.  If that good faith effort is

23

24      [1] Local Rule 251(a) ~ **revised 12/1/09** ~ requires a joint statement re discovery disagreement be filed seven (7) days prior to the scheduled hearing date (i.e., the Wednesday before the customary Wednesday

25  hearing). Any motion(s) will be dropped from calendar IF the statement is not filed OR timely filed AND courtesy copies of any and all motions, including the 251 stipulation, declarations, and exhibits, properly

26  tabbed, fastened, and clearly identified as a "Courtesy Copy (to avoid inadvertent, duplicative, and/or erroneous filing by court staff), exceeding twenty-five (25) pages pursuant to Local Rule 133(f), are not

27  delivered to the Clerk's Office at 9:00 a.m. on the fourth (4th) FULL day (or Thursday) prior to the (customary) hearing (on Wednesday).

28

1  unsuccessful, the moving party shall then seek a prompt hearing
2  with the assigned Magistrate Judge by telephone or in person.  If
3  the hearing is to be conducted by telephone, the Courtroom Deputy
4  Clerk will inform counsel of the date and time of the hearing, and
5  it shall be the responsibility of the moving party to initiate the
6  telephonic conference call to chambers.  The recording of
7  telephonic hearings or conferences with the Court is prohibited,
8  except with prior permission of the Court.  The request for a
9  hearing with a judicial officer carries with it a professional
10 representation by the attorney that a conference has taken place
11 and that s/he has made a good faith effort to resolve the dispute.

12      The attorneys or unrepresented parties shall supply the
13 assigned Magistrate Judge with the particular discovery materials
14 (i.e., objectionable answers to interrogatories) that are needed to
15 understand the dispute.

16      If the assigned Magistrate Judge decides that motion
17 papers and supporting memoranda are needed to satisfactorily
18 resolve the discovery dispute, such papers shall be filed in
19 conformity with Rule 7.  Such motions shall (1) quote in full each
20 interrogatory, question at deposition, request for admission, or
21 request for production to which the motion is addressed, or
22 otherwise identify specifically and succinctly the discovery to
23 which objection is taken or from which a protective order is
24 sought; and, (2) the response or objection and grounds therefor, if
25 any, as stated by the opposing party.
26 ///
27 //
28 /

5

1    Unless otherwise ordered by the Court, the complete
2 transcripts or discovery papers need not be filed with the Court
3 pursuant to subsection (c) of this rule unless the motion cannot be
4 fairly decided without reference to the complete original.

5    All Dispositive Pre-Trial Motions shall be filed on or
6 before October 19, 2012, and are heard Tuesdays through Thursdays
7 at 8:30 a.m. in Courtroom No. 4 on the Seventh Floor before the
8 Honorable Lawrence J. O'Neill, United States District Judge.  In
9 scheduling such motions, counsel shall comply with **Local Rules 230**
10 **and 260**.

11              **Motions for Summary Judgment or Summary Adjudication**

12    Prior to filing a motion for summary judgment or motion
13 for summary adjudication, the parties are **ORDERED** to meet, in
14 person or by telephone, and confer to discuss the issues to be
15 raised in the motion.

16    The purpose of the meeting shall be to: (1) avoid filing
17 motions for summary judgment where a question of fact exists; (2)
18 determine whether the respondent agrees that the motion has merit
19 in whole or in part; (3) discuss whether issues can be resolved
20 without the necessity of briefing; (4) narrow the issues for review
21 by the Court; (5) explore the possibility of settlement before the
22 parties incur the expense of briefing a summary judgment motion;
23 (6) arrive at a joint statement of undisputed facts.

24    The moving party shall initiate the meeting and provide a
25 draft of the joint statement of undisputed facts.  In addition to
26 the requirements of Local Rule 260, the moving party shall file a
27 joint statement of undisputed facts.
28 //

1    In the notice of motion, the moving party shall certify

2 that the parties have met and conferred as ordered above or set

3 forth a statement of good cause for the failure to meet and confer.

4    5.   Pre-Trial Conference Date:

5    December 4, 2012 at 8:30 a.m. in Courtroom No. 4 on the

6 Seventh Floor before the Honorable Lawrence J. O'Neill, United

7 States District Judge.

8    Ten (10) days prior to the Pretrial Conference, the

9 parties shall exchange the disclosures required pursuant to

10 F.R.Civ.P. 26(a)(3).

11    The parties are ordered to file a **JOINT Pretrial**

12 **Statement pursuant to Local Rule 281(a)(2)**.  The parties are

13 further ordered to submit a digital copy of their Joint Pretrial

14 Statement in WordPerfect X3[2] format to Judge O'Neill's chambers by

15 e-mail to LJOOrders@caed.uscourts.gov.

16    Counsels' attention is directed to **Rules 281 and 282 of**

17 **the Local Rules** of Practice for the Eastern District of California

18 as to the obligations of counsel in preparing for the Pre-Trial

19 Conference.  **The Court will insist upon strict compliance with**

20 **those Rules**.

21    6.   Trial Date:

22    January 15, 2013 at 8:30 a.m. in Courtroom No. 4 on the

23 Seventh Floor before the Honorable Lawrence J. O'Neill, United

24 States District Judge.

25    A.   This is a jury trial.

26 //

27

28    [2] If WordPerfect X3 is not available to the parties, then the latest version of WordPerfect, or any other word processing program in general use for IBM compatible personal computers, is acceptable.

7

1         B.   Counsels' Estimate of Trial Time:

2         10-12 days.

3         C.   Counsels' attention is directed to **Rule 285 of the**

4   **Local Rules** of Practice for the Eastern District of California.

5      7.   Settlement Conference:

6         Should the parties desire a Settlement Conference, they

7   will jointly request one of the Court, and one will be arranged.

8      8.   Request for Bifurcation, Appointment of Special Master,

9   or other Techniques to Shorten Trial:

10         As set forth in the Amended Joint Scheduling Conference

11   Statement filed May 12, 2008 (Doc. 15), defendant, County of

12   Fresno, reserves the right to request to bifurcate plaintiffs'

13   *Monell* claim from the claims against Deputies Harper and Carey.

14   Defendants further reserve the right to bifurcate the punitive

15   damages phase should a jury find plaintiff is entitled to such.

16      9.   Related Matters [Pending]:

17         As set forth in the Amended Joint Scheduling Conference

18   Statement filed May 12, 2008 (Doc. 15), plaintiffs contend that

19   this action is related to *Terry Hillblom, et al., vs. County of*

20   *Fresno*, et al., U.S.D.C. Case No. 1:07-cv-01467-LJO-SMS.[3]  This

21   action alleged, inter alia, false arrest and excessive force.  The

22   County of Fresno and Deputy Carey were defendants in *Hillblom* as

23   well.  Plaintiffs alleged that *Hillblom* raised the same allegations

24   of negligent employment, training and supervision with respect to

25   Deputy Carey that are raised in the instant case.

26   //

27

28       [3]   However, on October 21, 2011, the parties filed a Stipulated Dismissal and Order (Doc. 141), and the Court dismissed and closed the case (Doc. 142).

1          Defendant County contends that *Hillblom*, other than

2    having two common defendants and similar theories of liability, is

3    not related to this action.  Counsel for defendants herein also

4    represented the defendants in *Hillblom*.

5          10.  Compliance with Federal Procedure:

6          The Court requires compliance with the Federal Rules of

7    Civil Procedure and the Local Rules of Practice for the Eastern

8    District of California.  To aid the Court in the efficient

9    administration of this case, all counsel are expected to

10   familiarize themselves with the Federal Rules of Civil Procedure

11   and the Local Rules of Practice for the Eastern District of

12   California, and to keep abreast of any amendments thereto.  The

13   Court must insist upon compliance with these Rules if it is to

14   efficiently handle its increasing caseload.  Sanctions will be

15   imposed for failure to follow the Rules as provided in both the

16   Fed.R.Civ.P. and the Local Rules.

17         11.  Effect of this Order:

18         The foregoing Order represents the best estimate of the

19   Court and counsel as to the agenda most suitable to bring this case

20   to resolution.  **The trial date reserved is specifically reserved**

21   **for this case**.  If the parties determine at any time that the

22   schedule outlined in this Order cannot be met, counsel are ORDERED

23   to notify the Court *immediately* so that adjustments may be made,

24   either by stipulation or by subsequent status conference.

25         Stipulations extending the deadlines contained herein

26   will not be considered unless accompanied by affidavits or

27   declarations and, where appropriate, attached exhibits which

28   establish extremely good cause for granting the relief requested.

1    Scheduling orders are vital to the Court's case
2    management.   Scheduling orders "are the heart of case management,"
3    *Koplve v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986), and are
4    intended to alleviate case management problems.   *Johnson v. Mammoth*
5    *Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).   A "scheduling
6    conference order is not a frivolous piece of paper, idly entered,
7    which can be cavalierly disregarded without peril."   *Johnson*, 975
8    F.2d at 610.

9    **THEREFORE, FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT**
10   **IN THE IMPOSITION OF SANCTIONS.**

11
12
13   IT IS SO ORDERED.
14   **Dated:    January 23, 2012            /s/ Sandra M. Snyder        **
                                    UNITED STATES MAGISTRATE JUDGE
15

10