IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE SRABIAN, | CASE NO. CV F 08-0336 LJO SMS |
| Plaintiff, | **ORDER ON DEFENSE MOTIONS IN LIMINE** |
| vs. | (Doc. 102.) |
| FRESNO COUNTY SHERIFF'S DEPUTIES FRANK HARPER AND ROBERT CAREY, | |
| Defendants. | |

This Court issues the following rulings on defendants Fresno County Sheriff's Deputies Frank Harper ("Deputy Harper") and Robert Carey's ("Deputy Carey's") motions in limine ("MIL") and VACATES the December 19, 2012 hearing:

**Defense MIL No. 1 To Exclude Evidence Of Deputy Harper's Request For Legal Representation:** In the absence of plaintiff Donnie Srabian's ("plaintiff's") opposition, this Court GRANTS defense MIL No. 1 and EXCLUDES evidence of Deputy Harper's request for representation during his interview by detectives after the shooting incident.

**Defense MIL No. 2 To Exclude Evidence Of Lt. Barrimond's Litigation Comments:** This Court GRANTS in part and DENIES in part defense MIL No. 2 and LIMITS evidence of Deputy

1

Harper's statement that Martin Srabian threatened to sue for the sole purpose of a potential motive to manufacture evidence. Evidence subject to defense MIL No. 2 is otherwise excluded.

**Defense MIL No. 3 To Exclude Certain Opinions Of Marc Firestone, Ph.D. ("Dr. Firestone"):** A primary trial court function is to serve as a "gatekeeper" as to experts to ensure that purported expert opinion and testimony contain sufficient scientific, technical or specialized knowledge to assist the trier of fact to determine relevant matters. *Dauber v. Merrell Dow*, 509 U.S. 579 (1993).

Dr. Firestone attempted to reconstruct the shooting scene, specifically positioning key persons and objects. He also attempted to reconstruct lighting. He seeks to opine as to what Deputy Harper could see or could not see.

Although Dr. Firestone can testify about what he did to attempt to reconstruct the scene, this Court PRECLUDES Dr. Firestone to testify as to what Deputy Harper did, did not, could or could not see. The defense position, unaided by plaintiff's opposition, correctly notes the absence of Dr. Firestone's expertise on physiology of the human eye and absence of Dr. Firestone's knowledge of Deputy Harper's physiological abilities or deficits.

The defense apparently denied plaintiff's request that Dr. Firestone run reconstructive testing with Deputy Harper but that denial is of no value to determine whether Dr. Firestone's expected testimony is more than speculation. The opposition papers are correct that "the fact that there is no competing expert opinion does not render Dr. Firestone's opinion invalid." The reverse is also correct – the fact that there is no competing expert opinion does not render Dr. Firestone's opinion valid. The reconstruction is incomplete due to an absence of expertise in a crucial area.

As such, this Court GRANTS defense MIL No. 3 and EXCLUDES Dr. Firestone's testimony as to matters subject to defense MIL No. 3.

**Defense MIL No. 4 To Exclude Sandy Glickman's Testimony As To Deputy Harper's Observation Ability:** This Court DENIES as moot defense MIL No. 4 given plaintiff's representation that he will not adduce Mr. Glickman's testimony about what Deputy Harper could see at the time of the shooting incident.

**Defense MIL No. 5 To Exclude Evidence As To Lighting At Srabian Residence:** To the extent that defense MIL No. 5 addresses Dr. Firestone, this Court incorporates and applies its ruling to

defense MIL No. 3.  This Court DENIES defense MIL No. 5 as to other witnesses.

**Defense MIL No. 6 To Exclude Evidence As to Srabian Mailbox:** This Court GRANTS defense MIL No. 6, except that the subject evidence may be admitted to the extent a foundation is laid to indicate the photo or observation of the mailbox eight days after the shooting incident was the same as the night of the shooting incident.  This ruling applies whether the subject evidence is sought to be offered in plaintiff's case in chief or as rebuttal evidence.

**Defense MIL No. 7 To Exclude Evidence Of Martin Srabian's Arrest, Citing And Release:** This Court DENIES defense MIL No. 7 given the subject evidence's minimal, if any, prejudice and confusion arising from an unexplained gap in the events at issue.

**Defense MIL No. 8 To Exclude Evidence Of Deputy Experience With Agriculture Crimes:** This Court GRANTS defense MIL No. 8 in that relevance rests with plaintiff's, not law enforcement's, knowledge of agriculture crimes.

**Defense MIL No. 9 To Exclude Evidence Of Law Enforcement Response To Armed Home Occupants:** This Court GRANTS defense MIL No. 9 under F.R.Evid. 403 and EXCLUDES evidence of law enforcement experiences responding to residences with armed occupants.

**Defense MIL No. 10 To Preclude Evidence Contrary To Plaintiff's Conviction:** This Court DENIES defense MIL No. 10 to the extent that plaintiff will be able to testify how he intends, but he will be subject to impeachment with the conviction.  However, this Court PRECLUDES plaintiff to dispute his conviction and to argue his innocence.

**Defense MIL No. 11 To Preclude Evidence Not Produced During Discovery:** This Court DENIES as moot defense MIL No. 11 given the parties' stipulation.

**Defense MIL No. 12 To Preclude Non-Disclosed Expert Testimony:** This Court DENIES as moot defense MIL No. 12 given the parties' stipulation.

IT IS SO ORDERED.

**Dated:   December 13, 2012**              /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE