IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE SRABIAN,<br><br>               Plaintiff,<br><br>   vs.<br><br>FRESNO COUNTY SHERIFF'S<br>DEPUTIES FRANK HARPER<br>AND ROBERT CAREY,<br><br>               Defendants.<br>                                                              / | CASE NO. CV F 08-0336 LJO SMS<br><br>**SUPPLEMENTAL ORDER ON DEFENSE MOTIONS IN LIMINE NOS. 3 AND 5**<br>(Doc. 102.) |

      In response to defense motions in limine nos. 3 and 5, this Court ruled that plaintiff's expert Marc Firestone, Ph.D. ("Dr. Firestone"), may testify as to lighting tests he performed and results and conclusions of the tests but that the record fails to demonstrate that he is qualified to testify on the abilities of the average human eye.  Therefore, this Court ruled that Dr. Firestone is unable to testify as to what Deputy Harper did, did not, could or could not see during the events in question.  At the December 14, 2012 pretrial conference, plaintiff asked this Court to reconsider exclusion of Dr. Firestone's testimony on physiology of the human eye and as to Dr. Firestone's qualifications, directed this Court to Dr. Firestone's deposition.

      When asked about his background in "physiology of the human eye," Dr. Firestone testified:

> The only background and experience is in my doing – looking at the reference books like from the Illuminating Engineering Society and other references to learn some of the basic information about the physiology and some of the more practical aspects of lighting. . . . We had approximately half-year training course that covered issues like that, how practical aspects of car accidents and slip and fall accidents.  So those were materials reviewed and discussed in that training session.

When asked how much of his training addressed eye physiology, Dr. Firestone testified: "It would not have been a lot, but it certainly was covered."  Dr. Firestone "couldn't say" how many hours of training addressed eye physiology and acknowledged no "formal training" since 1995.

To support Dr. Firestone's qualifications on eye physiology, plaintiff points to the education portion of his curriculum vitae: "Over 1,000 hours of seminars, workshops, research, and supervised field training in technical application of scientific principals to loss/claim investigation; and expert testimony in advocate forums."

A threshold required for expert testimony is qualification "by knowledge, skill, experience, training or education."  "In its role as gatekeeper, the district court determines the relevance and reliability of expert testimony and its subsequent admission or exclusion." *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011).  A "district court is charged with determining whether the proffered expert testimony is trustworthy." *See Daubert v. Merrel Dow*, 509 U.S. 579, 590, n. 9 (1993).  A district court is required to assess scientific reliability of the proffered expert testimony. *See Ellis*, 657 F.3d at 982.

Plaintiff fails to establish Dr. Firestone's qualifications to testify on eye physiology matters.  The record reveals that Dr. Firestone's qualifications on eye physiology are limited to looking at reference books and a 1995 training course that touched on eye physiology.  Dr. Firestone acknowledged his limited course training on eye physiology.  As such, plaintiffs fails to substantiate reliability of Dr. Firestone's opinions on eye physiology matters to require this Court to exclude related testimony as lacking necessary trustworthiness.  This Court's orders on defense motions in limine nos. 3 and 5 remain unchanged and in effect.

IT IS SO ORDERED.

Dated:   December 14, 2012                     /s/ Lawrence J. O'Neill
                                               UNITED STATES DISTRICT JUDGE